1

2

3

4 **UNITED STATES DISTRICT COURT**

5 **EASTERN DISTRICT OF CALIFORNIA**

6

7 **A.L. by and through her guardian, I. LEE** | **CASE NO. 1:17-CV-0358 AWI MJS**
**and I. LEE on her on own behalf,**

8 | **ORDER RE: MOTION TO DISMISS**
**Plaintiffs,**

9

10 **v.**

11 **CLOVIS UNIFIED SCHOOL DISTRICT,**
**YVETTE ADAMS, in her personal and**

12 **official capacity as Program Specialist,**
**APRILE WOODS, and JOHN DOES 1-3**

13 **who hired, trained and supervised teacher**
**and Aides,**

14
**Defendants.**

15

16

17 **I. Background**

18      Plaintiff A.L. is a minor with a disability who is a student at Granite Ridge/Clovis North

19 Education Center enrolled in the Functional Life Skills Special Day class for 85% of her day and

20 general education classes for 15% of her day. Defendant Yvette Adams is a program specialist

21 hired by Defendant Clovis Unified School District ("CUSD") responsible for facilitating the

22 education of special needs students. Defendant April Woods was A.L.'s teacher during the 2015-

23 16 school year. In that year, Plaintiff I. Lee, A.L.'s mother, noticed a change in A.L.'s behavior

24 and attributed it to an inappropriate educational environment. I. Lee specifically objected to

25 stressful disciplinary tactics. Some of the consequences included A.L not being permitted to go on

26 school trips, eat in the lunchroom, or attend her general education classes. On March 1, 2016,

27 Woods forcefully shoved a chair A.L. was sitting in towards a desk, making A.L.'s front smack

28 into that desk. Woods was put on administrative leave and there was a police investigation of the

incident.  I. Lee filed a complaint with the U.S. Department of Education's Office of Civil Rights. On July 25, 2016, I. Lee filed a claim for damages with CUSD.  CUSD denied the claim on September 8, 2016.  On January 26, 2017, an unspecified instructional aide took A.L to the bathroom while A.L. was barefoot.  While approaching the door, another student exited the bathroom which caused the door to smash into A.L.'s foot, severely damaging her toenail.

In March 2017, Plaintiffs A.L. (through her mother) and I. Lee filed suit against Defendants CUSD, Woods, and Adams.  On June 12, 2017, Plaintiffs filed the operative complaint, the First Amended Complaint.  Plaintiffs allege (1) violation of Title II of the Americans With Disabilities Act ("ADA") by failing to accommodate A.L, against CUSD, (2) violation of Section 504 by failing to accommodate A.L., against CUSD, (3) violation of the Unruh Civil Rights Act by discriminating against A.L. due to disability, against all Defendants, (4) negligence in failing to keep A.L. from harm, against all Defendants, (5) negligent infliction of emotional distress in failing to keep A.L. from harm, against all Defendants, and (6) negligent hiring, supervision, and retention, against CUSD. Doc. 14.

Defendants have filed a motion to dismiss, making a variety or arguments among which are that the complaint fails because there is no guardian ad litem appointed to represent A.L. and that Plaintiffs have not complied with administrative exhaustion requirements. Doc. 17.  Plaintiffs oppose the motion. Doc. 21.  Plaintiffs filed a proposed Second Amended Complaint. Doc. 27. Additionally, I. Lee filed a Due Process Complaint against CUSD with the California Office of Administrative Hearings.  The parties then entered into settlement negotiations.  The parties may have settled part of their dispute with one another, but the scope of the settlement has not been revealed.  The motion to dismiss was taken under submission without oral argument.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6).  A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v.

1    Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d

2    1116, 1121 (9th Cir. 2008).  In reviewing a complaint under Rule 12(b)(6), all allegations of

3    material fact are taken as true and construed in the light most favorable to the non-moving party.

4    Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013).  However, complaints that

5    offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action

6    will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  The Court is not required "to accept as

7    true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable

8    inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v.

9    Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  To avoid a Rule 12(b)(6) dismissal, "a

10   complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is

11   plausible on its face.  A claim has facial plausibility when the plaintiff pleads factual content that

12   allows the court draw the reasonable inference that the defendant is liable for the misconduct

13   alleged.  The plausibility standard is not akin to a 'probability requirement,' but it asks for more

14   than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662,

15   678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007).  The Ninth Circuit has

16   distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of

17   truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of

18   action, but must contain sufficient allegations of underlying facts to give fair notice and to enable

19   the opposing party to defend itself effectively; (2) the factual allegations that are taken as true

20   must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing

21   party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d

22   1202, 1216 (9th Cir. 2011).  In assessing a motion to dismiss, courts may consider documents

23   attached to the complaint, documents incorporated by reference in the complaint, or matters of

24   judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir.

25   2013).  If a motion to dismiss is granted, "[the] district court should grant leave to amend even if

26   no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir.

27   2012).  However, leave to amend need not be granted if amendment would be futile or if the

28   plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d

3

1180, 1191 (9th Cir. 2012); <u>Telesaurus VPC. LLC v. Power</u>, 623 F.3d 998, 1003 (9th Cir. 2010).

## III. Discussion

**A. Guardian Ad Litem**

A.L. is bringing suit through her mother, I. Lee.  Defendants argue that the Amended Complaint must be dismissed because A.L. is not currently represented by a guardian ad litem: "In California, whether an action is brought in federal or state court, a minor must be represented by a guardian ad litem in court proceedings." Doc. 17, Defendants' Brief, 12:17-18.  Federal Rules of Civil Procedure governs in all general civil case brought in the federal district courts. Fed. Rule Civ. Proc. 1.  Regarding the capacity to sue, Defendants are correct that California state law governs pursuant to Fed. Rule Civ. Proc. 17(b); regarding the appointment of guardian ad litem, however, federal law governs. See <u>J.K.G. v. Cty. of San Diego</u>, 2011 U.S. Dist. LEXIS 126907, at *6-7 (S.D. Cal. Nov. 2, 2011).  Fed. Rule Civ. Proc. 17(c) states:

> (1) With a Representative. The following representatives may sue or defend on behalf of a minor or an incompetent person:
> (A) a general guardian....
>
> (2) Without a Representative. A minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem - or issue another appropriate order - to protect a minor or incompetent person who is unrepresented in an action.

In federal court, a minor may appear through a parent instead of a guardian ad litem.  "Federal Civil Procedure Rule 17 governs the proper parties to a case, and it provides that a guardian of a minor child can sue either in the guardian's name without naming the minor child, or in the guardian's name on behalf of the minor child. It is only when a minor child does not have a guardian, or a 'duly appointed representative,' where a court must consider whether to appoint a guardian ad litem to protect the minor's interests." <u>Ciarrocchi v. Clearview Reg'l High Sch. Dist.</u>, 2010 U.S. Dist. LEXIS 64017, at *3-4 (D.N.J. June 25, 2010).  There is no indication that a guardian ad litem needs to be appointed at this time.

**B. Administrative Exhaustion**

4

Defendants assert that the ADA and Section 504 claims (Counts 1 and 2) must be dismissed because Plaintiffs failed to exhaust administrative remedies. Specifically, they assert that these two claims seek the same relief as a claim under the Individuals with Disabilities Education Act ("IDEA") and are subject to the administrative exhaustion requirements of that law. "The IDEA was enacted to protect children with disabilities and their parents by requiring participating states to provide a free appropriate public education that emphasizes special education and related services designed to meet disabled students' unique needs and prepare them for further education, employment, and independent living." Payne v. Peninsula Sch. Dist., 653 F.3d 863, 871 (9th Cir. 2011), citations omitted   The IDEA guarantees a free appropriate public education ("FAPE"). When a student or family believes a FAPE has been denied, the IDEA provides "administrative appeal procedures to be pursued before seeking judicial review." Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1302 (9th Cir. 1992). Although the IDEA is not the exclusive remedy for students with disabilities, the exhaustion requirement of the IDEA explicitly applies to "other Federal laws protecting the rights of children with disabilities...seeking relief that is also available under this part." 20 U.S.C. § 1415(l). Plaintiffs' ADA and Section 504 claims are federal causes of action. Only those claims brought under other statutes that could also be brought under the IDEA need be administratively exhausted. Payne v. Peninsula Sch. Dist., 653 F.3d 863, 872 (9th Cir. 2011).

The U.S. Supreme Court has recently examined the scope of the IDEA exhaustion requirement and concluded that "to meet that statutory standard [requiring IDEA exhaustion], a suit must seek relief for the denial of a FAPE, because that is the only 'relief' the IDEA makes 'available.' We next conclude that in determining whether a suit indeed 'seeks' relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 752 (2017). To help delineate the bounds of the exhaustion requirement, the court provided the following illustration:

> One clue to whether the gravamen of a complaint against a school concerns the denial of a FAPE, or instead addresses disability-based discrimination, can come from asking a pair of hypothetical questions. First, could the plaintiff have brought essentially the same claim if the alleged conduct had occurred at a public facility that was not a school—say, a public theater or library? And second, could an adult

at the school—say, an employee or visitor—have pressed essentially the same grievance? When the answer to those questions is yes, a complaint that does not expressly allege the denial of a FAPE is also unlikely to be truly about that subject; after all, in those other situations there is no FAPE obligation and yet the same basic suit could go forward. But when the answer is no, then the complaint probably does concern a FAPE, even if it does not explicitly say so; for the FAPE requirement is all that explains why only a child in the school setting (not an adult in that setting or a child in some other) has a viable claim.

Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 756 (2017). Under this framework, the U.S. Supreme Court reasoned that challenging a lack of wheelchair access ramps at a school would not concern the denial of a FAPE while challenging the lack of tutoring would. Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 756-57 (2017).

Plaintiffs argue that "The gravamen of Plaintiffs' claims relates to injuries that A.L. sustained in the school setting....If the teacher had done to one of the IA's what was done to A.L., that Aide could fashion a claim for that abusive conduct against the teacher." Doc. 21, Plaintiffs' Opposition, 8:16-22. However, the framing of Counts 1 and 2 are not consistent with that assertion; the language used in the First Amended Complaint suggests that Plaintiffs are seeking to have A.L's education plan adjusted. For Count 1, Plaintiffs object that "CUSD failed to accommodate Student's disability with aids and supports she needs to fully participate in the programs or activities that it provides to similarly situated students, specifically denying A.L. access to field trips, group activities in and outside of the school environment, integrated lunch periods and those general educations that it had made a part of her education program." Doc. 14, First Amended Complaint, 8:9-14. For Count 2, Plaintiffs object that "Parent asked for several accommodations - monitoring Ms. Woods, flexibility regarding her practices and expectations as applied to A.L., oversight of the implementation of A.L.'s self -abusive behaviors in the school environment - that went unheeded by Defendant CUSD." Doc. 14, First Amended Complaint, 9:17-21. In the section setting out the general allegations in the case, Plaintiffs described these problem identified above as "CUSD's failure to implement an effective behavior support plan." Doc. 14, First Amended Complaint, 5:17-6:6. These are complaints that are related to a FAPE. See A.H. v. Craven Cty. Bd. of Educ., 2017 U.S. Dist. LEXIS 128666, at *15 (E.D.N.C. Aug. 14, 2017) (exhaustion required when claims were based on allegations student was "treated differently than his peers when he was denied opportunities to participate in activities like his peers, such as

Special Olympics, checking out library books, and eating in the cafeteria").

Further, the relief requested for both Counts 1 and 2 specifically include the following:

1. Training in positive behavior approaches to teachers, Aides and supervisors whom CUSD uses to ensure students with limited verbal and communication skills receive the benefits, and services of public education.

2. Training in best practices to teachers, aides and supervisors whom CUSD uses to ensure students with limited verbal and communication skills receive the benefits, and services of public education.

3. Provide Student one-on-one and small group speech and social communication skills with a qualified SLP in the school setting for two 40 minute periods per week.

4. Order CUSD to design a remediation program to address Student's communication delays.

Doc. 14, First Amended Complaint, 8:15-25 and 9:25-10:7.  Under Count 2, Plaintiffs also ask for "$25,000 as six months' compensatory education to reimburse her for the denial of appropriate services for the 2015-[16] school year." Doc. 14, First Amended Complaint, 10:8-10.  The Ninth Circuit has stated that "exhaustion is clearly required when a plaintiff seeks an IDEA remedy or its functional equivalent. For example, if a disabled student files suit under the ADA and challenges the school district's failure to accommodate his special needs and seeks damages for the costs of a private school education, the IDEA requires exhaustion regardless of whether such a remedy is available under the ADA, or whether the IDEA is mentioned in the prayer for relief." Payne v. Peninsula Sch. Dist., 653 F.3d 863, 875 (9th Cir. 2011).  As framed, Plaintiffs' requested relief makes clear they are "in essence contesting the adequacy of a special education program" and so required to administratively exhaust their claims. Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 755 (2017).

The gravamen of Counts 1 and 2 concern an alleged denial of a FAPE.  Thus, they are subject to the IDEA administrative exhaustion requirements.  Plaintiffs have not completed those requirements.  These claims must be dismissed as currently plead.  While Plaintiffs' Proposed Second Amended Complaint (Doc. 27-5) also fails to state a claim that is not based on a denial of a FAPE, Plaintiffs should be given another opportunity to amend.

## C. State Law Claims

Counts 3 through 6 are causes of action based on California law. Ordinarily, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.... The district courts may decline to exercise supplemental jurisdiction over a claim...[if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). There is no need to rule on whether Plaintiffs have stated claims based on California law unless Plaintiffs can establish viable federal causes of action.


## IV. Order

Defendants' motion to dismiss is GRANTED. Plaintiffs' First Amended Complaint is DISMISSED with leave to amend. Any amended complaint must be filed within twenty one (21) days of the filing of this order.

IT IS SO ORDERED.

Dated:   March 30, 2018            _____

                                                 SENIOR  DISTRICT  JUDGE