# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **A.L. by and through her guardian, I. LEE and I. LEE on her on own behalf,**<br><br>Plaintiffs,<br><br>v.<br><br>**CLOVIS UNIFIED SCHOOL DISTRICT, YVETTE ADAMS, in her personal and official capacity as Program Specialist, APRILE WOODS, and JOHN DOES 1-3 who hired, trained and supervised teacher and Aides**,<br><br>Defendants. | **CASE NO. 1:17-CV-0358 AWI MJS**<br><br>**ORDER RE: MOTION TO DISMISS** |

## I. Background

Plaintiff A.L. is a minor with a disability who is a student at Granite Ridge/Clovis North Education Center enrolled in the Functional Life Skills Special Day class for 85% of her day and general education classes for 15% of her day. Defendant Yvette Adams is a program specialist hired by Defendant Clovis Unified School District ("CUSD") responsible for facilitating the education of special needs students. Defendant April Woods was A.L.'s teacher during the 2015-16 school year. In that year, Plaintiff I. Lee, A.L.'s mother, noticed a change in A.L.'s behavior and attributed it to an inappropriate educational environment. I. Lee specifically objected to stressful disciplinary tactics. Some of the consequences included A.L not being permitted to go on school trips, eat in the lunchroom, or attend her general education classes. On March 1, 2016, Woods forcefully shoved a chair A.L. was sitting in towards a desk, making A.L.'s front smack into that desk. Woods was put on administrative leave and there was a police investigation of the

incident. I. Lee filed a complaint with the U.S. Department of Education's Office of Civil Rights. On July 25, 2016, I. Lee filed a claim for damages with CUSD. CUSD denied the claim on September 8, 2016. On January 26, 2017, an unspecified instructional aide took A.L to the bathroom while A.L. was barefoot. While approaching the door, another student exited the bathroom which caused the door to smash into A.L.'s foot, severely damaging her toenail.

In March 2017, Plaintiffs A.L. (through her mother) and I. Lee filed suit against Defendants CUSD, Woods, and Adams. Plaintiffs allege (1) violation of Title II of the Americans With Disabilities Act ("ADA") by failing to accommodate A.L, against CUSD, (2) violation of Section 504 of the Rehabilitation Act by failing to accommodate A.L., against CUSD, (3) violation of the Unruh Civil Rights Act by discriminating against A.L. due to disability, against all Defendants, (4) negligence in failing to keep A.L. from harm, against all Defendants, (5) negligent infliction of emotional distress in failing to keep A.L. from harm, against all Defendants, and (6) negligent hiring, supervision, and retention, against CUSD. Plaintiffs filed a first amended complaint, alleging those same causes of action. Defendants filed a motion to dismiss. The motion to dismiss was granted with the key finding that the first two causes of action overlapped with the Individuals with Disabilities Education Act ("IDEA") in a way which required Plaintiffs to administratively exhaust their claims before bringing suit in federal court. Plaintiffs were granted leave to amend.

Plaintiffs and the CUSD entered into negotiations and settled certain IDEA disputes. The settlement does not appear to have any impact on this case. Plaintiffs filed the operative second amended complaint and Defendants filed another motion to dismiss. Plaintiffs oppose the motion.

## II. Legal Standards

Under Federal Rule of Civil Procedure 12(b)(6), a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. Rule Civ. Proc. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Conservation Force v. Salazar, 646 F.3d 1240, 1242 (9th Cir. 2011); Johnson v. Riverside Healthcare Sys., 534 F.3d

1116, 1121 (9th Cir. 2008). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party. Faulkner v. ADT Sec. Servs., 706 F.3d 1017, 1019 (9th Cir. 2013). However, complaints that offer no more than "labels and conclusions" or "a formulaic recitation of the elements of action will not do." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." Wilson v. Hewlett-Packard Co., 668 F.3d 1136, 1145 n. 4 (9th Cir. 2012); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001). To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007). The Ninth Circuit has distilled the following principles from Iqbal and Twombly: (1) to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively; (2) the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation. Starr v. Baca, 652 F.3d 1202, 1216 (9th Cir. 2011). In assessing a motion to dismiss, courts may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice. Dichter-Mad Family Partners. LLP v. United States, 709 F.3d 749, 761 (9th Cir. 2013). If a motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made." Henry A. v. Willden, 678 F.3d 991, 1005 (9th Cir. 2012). However, leave to amend need not be granted if amendment would be futile or if the plaintiff has failed to cure deficiencies despite repeated opportunities. Mueller v. Aulker, 700 F.3d 1180, 1191 (9th Cir. 2012); Telesaurus VPC. LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010).

## III. Discussion

**A. Administrative Exhaustion Requirement**

As with the last motion to dismiss, Defendants assert that the ADA and Section 504 claims (Counts 1 and 2) must be dismissed because Plaintiffs failed to exhaust administrative remedies. They assert that these two claims seek the same relief as are available under the IDEA and are subject to the administrative exhaustion requirements of that law. "The IDEA was enacted to protect children with disabilities and their parents by requiring participating states to provide a free appropriate public education that emphasizes special education and related services designed to meet disabled students' unique needs and prepare them for further education, employment, and independent living." Payne v. Peninsula Sch. Dist., 653 F.3d 863, 871 (9th Cir. 2011), citations omitted  The IDEA guarantees a free appropriate public education ("FAPE"), generally in the form of a customized Individual Education Plan ("IEP") worked out between the guardian of the student and the school district. When a student or guardian believes a FAPE has been denied, the IDEA provides "administrative appeal procedures to be pursued before seeking judicial review." Hoeft v. Tucson Unified School Dist., 967 F.2d 1298, 1302 (9th Cir. 1992). Although the IDEA is not the exclusive remedy for students with disabilities, the exhaustion requirement of the IDEA explicitly applies to "other Federal laws protecting the rights of children with disabilities...seeking relief that is also available under this part." 20 U.S.C. § 1415(l). Plaintiffs' ADA and Section 504 claims are federal causes of action. Only those claims brought under other statutes that could also be brought under the IDEA need be administratively exhausted. Payne v. Peninsula Sch. Dist., 653 F.3d 863, 872 (9th Cir. 2011). The U.S. Supreme Court recently stated that "to meet that statutory standard [requiring IDEA exhaustion], a suit must seek relief for the denial of a FAPE, because that is the only 'relief' the IDEA makes 'available.' We next conclude that in determining whether a suit indeed 'seeks' relief for such a denial, a court should look to the substance, or gravamen, of the plaintiff's complaint." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 752 (2017). In the prior order on this issue, the court found that "The gravamen of Counts 1 and 2 concern an alleged denial of a FAPE. Thus, they are subject to the IDEA administrative exhaustion requirements."

4

Doc. 37, 7:22-24. Plaintiffs assert that exhaustion is not required as the relief they seek does not implicate the IDEA. Doc. 47, 7:2-3.

Upon review, the operative, second amended complaint still suffers from the prior defect; the relief Plaintiffs seek is intertwined with a FAPE under the IDEA. In describing Fry, Plaintiffs state "Justice Alito notes the potential trap awaiting unwary plaintiffs who are seeking relief that is not available at the administrative level." Doc. 47, 7:26-8:2. Justice Alito's concurrence warns against reading the exhaustion requirement too broadly as "It is easy to imagine circumstances under which parents might start down the IDEA road and then change course and file an action under the ADA or the Rehabilitation Act that seeks relief that the IDEA cannot provide. The parents might be advised by their attorney that the relief they were seeking under the IDEA is not available under that law but is available under another." Fry v. Napoleon Cmty. Sch., 137 S. Ct. 743, 759 (2017), J. Alito concurrence. But that is not the situation in this case; the relief Plaintiffs seek can be obtained through IDEA. For the ADA, Plaintiffs' requested relief is:

> 1. Order CUSD to limit its unnecessary segregation of Student based solely on her disability.
> 2. Order CUSD to change its policy of prohibiting its aides from communicating with L.A.'s parents.
> 3. Award Plaintiff her out-of-pocket costs.
> 4. Award Plaintiff her reasonable attorney fees.
> 5. Award Plaintiff any additional relief this Court determines appropriate.

Doc. 43, 8:19-25. For Section 504, Plaintiffs' requested relief is:

> 1. Order CUSD to change its policy of prohibiting its aides from communicating with A.I.'s Parent.
> 2. Award Plaintiff her out-of-pocket costs.
> 3. Award Plaintiff her reasonable attorney fees.
> 4. Award Plaintiff any additional relief this Court determines appropriate.

Doc. 43, 9:17-22. There are two substantive injunctive requests: for less segregation of A.L. from other students and for increased communication from CUSD to A.L.'s mother.

First, the degree to which a special needs student should be included in mainstream classes and activities is typically at the heart of a discussion concerning FAPE. See, e.g. J. W. v. Fresno Unified Sch. Dist., 626 F.3d 431, 447 (9th Cir. 2010) ("At the June 5, 2003 IEP meeting, District agreed to the parent's request to mainstream Student at Bullard Talent, with additional services and supports"); Sacramento City Unified Sch. Dist., Bd. of Educ. v. Rachel H. by & Through

1  Holland, 14 F.3d 1398, 1404 (9th Cir. 1994); (approved of analyzing FAPE by considering "(1) the educational benefits of placement full-time in a regular class; (2) the non-academic benefits of such placement; (3) the effect Rachel had on the teacher and children in the regular class, and (4) the costs of mainstreaming Rachel"). As part of the ADA claim, Plaintiffs specifically objects that

> CUSD unnecessarily segregated Student and such segregation was the but for cause of the injuries that Student sustained in the restricted placement that denied A.L. the full benefit of the District's programs and services as are available to students who do not have disabilities.
> ....
> CUSD's decision to exclude Student from participation in the benefits it offers to her peers with and without disabilities because of the characteristics of her disability is discrimination within the meaning of Title II.

Doc. 43, 8:9-18. Second, working through the logistics of communication between a school and parents is regularly part of the IDEA IEP process. See, e.g. J.N. v. Mt. Ephraim Bd. of Educ., 2007 U.S. Dist. LEXIS 21629, *5 (D.N.J. Mar. 26, 2007) (IDEA settlement included provision "The aide's communication regarding J.N.'s progress shall be included in J.N.'s progress notes and forwarded by J.N.'s teacher to P.S. on a weekly basis"); Viola v. Arlington Cent. Sch. Dist., 414 F. Supp. 2d 366, 374 (S.D.N.Y. 2006) ("While the IEP remained unchanged, discussions among the CSE and Z.V.'s teachers, private tutor and mother addressed Z.V.'s behavioral difficulties. A communication log and/or email system was to be developed to aid communication among the District's teachers, the private tutor and Z.V.'s parents"). Plaintiffs are still trying to use these claims to change the kind of education A.L. is receiving. That sort of relief requires administrative exhaustion.

The cases Plaintiffs cite do not support their position. They cite to a Tenth Circuit case for the proposition that "IDEA exhaustion not required where the complaint alleges 'sever physical, and completely non-educational, injuries." Doc. 47, 9:19-22. However, in that case the Tenth Circuit specifically noted that "Plaintiff seeks damages solely to redress the fractured skull and other physical injuries she suffered allegedly as a result of the school district's and board of education's purported ADA violations. Plaintiff makes no complaints regarding her current educational situation." Padilla v. Sch. Dist. No. 1, 233 F.3d 1268, 1274 (10th Cir. 2000). In contrast, Plaintiffs' requests for relief seek to change the education A.L. is receiving. Similarly, a

Ninth Circuit opinion Plaintiffs cite to evaluated a student's physical injuries under a Section 1983 excessive force framework. Preschooler II v. Clark Cty. Sch. Bd. of Trs., 479 F.3d 1175, 1178 (9th Cir. 2007). That is not the thrust of Plaintiffs' complaint.

Plaintiffs' claims could have been brought under the IDEA and are thus subject to its administrative procedures. Plaintiffs have not shown these claims have been administratively exhausted. Plaintiffs have filed an original complaint, a first amended complaint, a proposed second amended complaint which was never accepted as the operative complaint, and a second amended complaint. Docs. 2, 14, 27, and 43. Through these complaints, Plaintiffs have consistently tried to use the ADA and Section 504 in a way that requires administrative exhaustion. At this point, it is clear that the gravamen of these claims as envisioned by Plaintiffs unavoidably overlap with the IDEA. Plaintiffs have been given an opportunity to show that administrative exhaustion has been satisfied; they have not done so. Given this procedural background, dismissal of these two claims with prejudice is appropriate.

**B. State Law Claims**

Counts 3 through 6 are causes of action based on California law. Ordinarily, "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.... The district courts may decline to exercise supplemental jurisdiction over a claim...[if] the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367. "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine - judicial economy, convenience, fairness, and comity - will point toward declining to exercise jurisdiction over the remaining state-law claims." Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988). As the federal causes of action are being dismissed with prejudice early in the litigation process, the court declines to retain jurisdiction over the state law causes of action.

**IV. Order**

Defendants' motion to dismiss is GRANTED. Plaintiffs' ADA and Rehabilitation Act causes of action are DISMISSED with PREJUDICE for failure to complete administrative exhaustion. The court declines to exercise supplemental jurisdiction over the state law causes of action which are DISMISSED without prejudice. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: August 3, 2018

_____
SENIOR DISTRICT JUDGE